Priority ✗
Send ✗
Enter ✗
Closed ___
JS-5/JS-6 ✗
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. <u>SA CV 02-112 GLT (ANx)</u>            Date: <u>May 10, 2002</u>

Title: <u>Blacksnow Interactive, et al. v. Mythic Entertainment, Inc.</u>

PRESENT:

HON. <u>Gary L. Taylor</u> JUDGE

| Lisa Bredahl | None Present |
|---|---|
| Deputy Clerk | Court Reporter (SM) |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS:   <u>DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>
[In Chambers]

Docketed ✓
Copies / NTC Sent ✓
JS-5 / JS-6 ✓
JS-2 / JS-3 ___
CLSD ___

ENTERED ON ICMS
MAY 14 2002

   The Court GRANTS Defendant's Motion to Compel Arbitration. The action is ORDERED STAYED pending arbitration. The Clerk of the Court is instructed to statistically inactivate this case pending arbitration. The case may be reopened by a filing of a brief by either side.

   The Federal Arbitration Act ("the Act") properly applies in this case where there is a contract "evidencing a transaction involving commerce." See 9 U.S.C. § 2. The Act requires courts to compel arbitration of arbitrable issues. See 9 U.S.C. § 4. The court's role under the Act is to decide (1) whether a valid agreement to arbitrate exists, and (2) whether the agreement encompasses the dispute at issue. See <u>Chiron Corp. v. Ortho Diagnostic Systems, Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).

   The Court is "satisfied that the making of the agreement for arbitration...is not in issue." 9 U.S.C. § 4. Defendant offers evidence indicating each Plaintiff assented to the terms of Mythic's End User License Agreement ("EULA") and agreed to arbitration as part of those terms. Mystic's *Dark Age of Camelot* ("the Game") requires each person establishing an account to twice accept the terms of the EULA before gaining access to the Game. Plaintiff Blacksnow Interactive is the "fictitious name" under which Plaintiffs Cadwell, Parker, and Phim conduct/conducted business. Plaintiff Caldwell and Parker each established and maintained multiple accounts with Mystic. Plaintiff Phim, while not a registered account holder, expressly admits to playing the Game and trading Game items as part of Blacksnow. To the extent Phim played the accounts of one or more other members of Blacksnow who have accepted the terms of the EULA, he, too, is bound by the arbitration agreement. See Virginia Uniform Computer Information Transactions Act ("UCITA") §§ 59.1-501.12(d), 59.1-502.13. Plaintiffs have not submitted any declarations from Caldwell, Parker, or Phim denying assent to the

G:\DOCS\GLTALL\LC2\CIVIL\2002\02-0112.mtcompelarbitration.wpd     INITIALS OF DEPUTY CLERK _lb_

ENTERED ON ICMS
5-14-2

EULA nor do Plaintiffs deny assent to the EULA in their Opposition.

The EULA contains an arbitration clause providing: "Any dispute arising out of this Agreement shall be the subject to binding arbitration under the American Arbitration Association Commercial Arbitration Rules...." Plaintiff's claim for declaratory relief as to the provisions of the EULA arises out the EULA and is subject to the arbitration agreement. The arbitration agreement is not unconscionable under Virginia's UCITA. See Section 59.1-510.10. While Plaintiff requests this Court order arbitration in California, the American Arbitration Association Commercial Arbitration Rules, as specified in the EULA, govern the location of the arbitration hearing.

The hearing on this motion scheduled for May 13, 2002, is taken off-calendar.